IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY, a/s/o DANIELLE MARQUETTE<br>2702 Ireland Grove Road<br>Bloomington, IL 61709<br><br>Plaintiff,<br><br>vs.<br><br>ELECTROLUX NORTH AMERICA, INC.<br>10200 David Taylor Drive<br>Charlotte, NC 28262<br><br>and<br><br>ELECTROLUX HOME PRODUCTS, INC.<br>2715 Washington Road<br>Augusta, GA 30909<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Insurance Company, as subrogee of Danielle Marquette, by and through its undersigned attorney, Cozen O'Connor, and for its Complaint against defendants Electrolux North America, Inc. and Electrolux Home Products, Inc., alleges the following:

### PARTIES

1. Plaintiff, State Farm Fire & Casualty Insurance Company ("the Plaintiff"), is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois, and at all times

relevant hereto was duly authorized to issue insurance policies in the Commonwealth of Pennsylvania.

2.At all times material herein, Danielle Marquette was the owner and/or inhabitant of the property located at 625 Clymer Lane, Ridley Park, Pennsylvania.

3.Ms. Marquette was insured through a policy of insurance issued by the plaintiff, policy number 78-PY-4073-1, which insured her against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expense.

4.Defendant, Electrolux North America, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina, 28262.  At all times material herein, Electrolux North America, Inc., was engaged in the design, manufacture, assembly, sale and/or supply of clothes dryers for the distribution in the United States.

5.Defendant, Electrolux Home Products, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 2715 Washington Road, August, Georgia.  At all times material herein, Electrolux Home Products, Inc. was engaged in the design, manufacture, assembly, sale and/or supply of clothes dryers for the distribution in the United States.  For the remainder of the complaint, Electrolux North America, Inc. and Electrolux Home Products, Inc. will be referred to collectively as "Electrolux."

## JURISDICTION AND VENUE

6.The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

7.     Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8.     On or about January 4, 2011, Danielle Marquette was the owner of a dryer that was manufactured, designed, assembled and/or supplied by Electrolux. The dryer was installed in the house located at 625 Clymer Lane, Ridley Park, PA 19078.

9.     On January 4, 2011, a fire originated in the dryer due to the defective condition of the Electrolux dryer, which fire caused extensive damage to the real and personal property of Danielle Marquette and caused her to sustain extra expenses.

10.    At all times material herein, Danielle Marquette employed the Electrolux dryer for the use for which it was intended, in the absence of any abuse and/or misuse.

11.    As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff has paid Danielle Marquette the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living and extra expenses she incurred on account of the fire.

12.    As a result of said payments, the plaintiff is both legally and equitably subrogated to any and all claims that the insured may have against the defendants.

## COUNT I
## NEGLIGENCE v. ELECTROLUX

13.    Plaintiff incorporates by reference herein the averments in paragraphs 1 through 14 as though each were fully set forth at length herein.

14.    The fire referred to above and consequent damage and destruction to Danielle Marquette's property was caused by the negligence, carelessness, gross negligence and negligent omissions of the defendants, its agents, servants and/or employees in:

(a) improperly designing a dryer which allowed lint to come in contact with a competent ignition source;

(b) designing a dryer that allows the lint from clothes to collect in areas within the dryer cabinet, where it can then be ignited by the flame produced by the burner assembly;

(c) designing a dryer that allows lint to collect in an area where it cannot be cleaned by a user, and where the accumulated lint is potentially ignitable by the flame from the burner assembly;

(d) failing to include appropriate and necessary warnings, including warnings on the dryer cabinet that the interior cabinet must be professionally cleaned every 18 months;

(e) failing to include warnings on the rear of the dryer cabinet that flexible foil ducting should not be used as an exhaust duct;

(f) failing to include warnings in the dryer user manual that lint can accumulate between the deflector and the rear heat diffuser, and about the need to remove lint from this area; and

(g) supplying a defectively manufactured and/or designed product which it knew or should have known subjected plaintiff's property to an unreasonable risk of harm

15. By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of defendant, the fire referred to in paragraph 11 took place and resulted in damage and destruction to plaintiff's insureds' property.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

### COUNT II
### STRICT LIABILITY v. ELECTROLUX

16. Plaintiff incorporates by reference the averments in paragraphs 1 through 15 as though each were fully set forth at length herein.

17. The fire referred to above and consequent damage and destruction to the insureds' property was caused by defendant Electrolux's actions for which it is strictly liable under sec. 402(A) of the Restatement (Second) of Torts in:

    (a)    improperly designing a dryer which allowed lint to come in contact with a competent ignition source;

    (b)    designing a dryer that allows the lint from clothes to collect in areas within the dryer cabinet, where it can then be ignited by the flame produced by the burner assembly;

    (c)    designing a dryer that allows lint to collect in an area where it cannot be cleaned by a user, and where the accumulated lint is potentially ignitable by the flame from the burner assembly;

    (d)    failing to include appropriate and necessary warnings, including warnings on the dryer cabinet that the interior cabinet must be professionally cleaned every 18 months;

    (e)    failing to include warnings on the rear of the dryer cabinet that flexible foil ducting should not be used as an exhaust duct;

    (f)    failing to include warnings in the dryer user manual that lint can accumulate between the deflector and the rear heat diffuser, and about the need to remove lint from this area; and

    (g)    supplying a defectively manufactured and/or designed product which it knew or should have known subjected plaintiff's property to an unreasonable risk of harm.

18. By reason of the aforesaid actions of defendant for which it is strictly liable under sec. 402(A) of the Restatement (Second) of Torts, the fire referred to above took place and resulted in damage and destruction to plaintiff's insureds' property and a loss of its use.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

## COUNT III
## BREACH OF IMPLIED WARRANTY

19. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 18 as though each were fully set forth at length herein.

20. Electrolux failed to provide a dryer that was fit and adequate for its foreseeable and intended use and free from defects in its design, manufacture, assembly and/or warnings and instructions, which constitutes a breach of its warranties and obligations, for which the defendants are liable strictly liable in warranty and tort.

21. As a direct and proximate result of the above breaches of warranty, the fire occurred and resulted in extensive damage to the property owned by plaintiff's insureds.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

Dated: December 12, 2012

Respectfully submitted,

State Farm Fire & Casualty Insurance Company

By: _____
Matthew F. Noone
PA I.D. # 70828
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215-665-2192