IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY, a/s/o DANIELLE MARQUETTE<br><br>Plaintiff,<br><br>vs.<br><br>ELECTROLUX NORTH AMERICA, INC., et al.<br><br>Defendants. | Case No. 12-6957 |

## REPORT OF RULE 26(f) MEETING

On April 9, 2013, the parties conferred pursuant to Federal Rule of Civil Procedure 26(f), and do hereby file this report of their meeting for the Court's consideration:

1. Discussion of Claims, Defenses and Relevant Issues

Plaintiff:

This is case is a subrogation action arising out of a residential fire that originated in a dryer manufactured by the defendant.  The dryer was already in place when the plaintiff's insured purchased the house.  The plaintiff alleges that the product was defectively designed in that it allowed lint to accumulate in areas inside the dryer cabinet where the accumulated lint could be ignited by the heat and flames from the burner, as well as it lacked adequate on-product labelling regarding the 18 month cleaning recommendation and the prohibtion against using flexible foil ducting.

Defendant:

Electrolux contests Plaintiff's theory of product defect.  Electrolux denies that the subject dryer was defectively designed or that the warnings and instructions, which accompanied the dryer at the time of sale, were inadequate.  Electrolux's anticipated defenses include, but are not limited to, that the subject dryer was not installed, used and/or maintained in accord with the warnings and instructions, which accompanied the dryer at the time of sale.

2.     Informal Disclosures

The parties will be making their initial disclosures required by Rule 26(a)(1) by April 15, 2013.

3.      Formal Discovery

The plaintiff intends to depose Brian Ripley and John Jergens as well as perhaps other Electrolux employees and former employees involved in the design of the dryer and its on-product labeling. The plaintiff will also seek to obtain pertinent information by using interrogatories and requests for production of documents. The plaintiff refuses to sign any confidentiality agreement as it believes that the information it seeks in this litigation does not qualify as confidential information.

Electrolux intends to depose Danielle Marquette and any other individuals who used the subject dryer on topics including, but not limited to, the purchase, installation, use, maintenance, cleaning, alterations, repairs and condition of the subject dryer and the external exhaust duct/venting attached to the dryer at the time of the fire. Electrolux will depose any Fire Marshals or Fire Chiefs, who conducted an origin and cause investigation with regard to the subject fire. Electrolux will conduct discovery on the damages alleged by Plaintiff, which may include the depositions of witnesses from State Farm. Electrolux will conduct discovery as to whether all relevant evidence at the fire scene was properly preserved by Plaintiff. Electrolux also intends to conduct discovery on the warnings and advice provided by State Farm to its insureds, including Ms. Marquette, regarding dryer use, care and maintenance. In addition to depositions, Electrolux will utilize Interrogatories and Requests for Production of Documents. Electrolux will see the entry of a Confidentiality and Protective Order, as it anticipates that the information sought by Plaintiff in discovery qualifies as confidential information. The proposed Protective Order specifically provides a mechanism by which Plaintiff can contest the designation of information and documents as confidential.

The discovery deadline for discovery shall be October 23, 2013.

In the event a party inadvertently discloses privileged material, the parties agree to return the original and any copies of the privileged material inadvertently disclosed, and also agree that the privileged material may not be used by the other side for any purpose during the litigation or thereafter.

4.   Electronic Discovery

The parties shall produce any electronic data in PDF form. They will preserve the meta data and produce it in the event the opposing party can make the required showing. It is Plaintiff's position that the cost of electronic discovery shall be borne by the party producing the responsive material. Electrolux reserves the right to request that the Court shift the cost of electronic discovery to the requesting party to avoid any undue burden and expense on the producing party.

5.   Expert Witness Disclosure

The plaintiff shall disclose their expert reports on or before November 25, 2013. The defendant shall disclose their expert reports on or before December 23, 2013. Any rebuttal reports shall be served on or before January 23, 2014. Expert depositions shall be completed no later than February 24, 2014.

6. Early Settlement and Resolution

The parties are unable to evaluate the potential for settlement at this time.

7. Trial Date

The parties believe this case will be ready for trial on March 28, 2014. A trial date certain is requested since fact and expert witnesses will be traveling from out-of-state.

8    Other matters

The parties request that the Court order a deadline for dispositive motions and *Daubert* Motions.

    /s/ Matthew F. Noone
Attorney for State Farm Fire & Casualty Ins. Co.

    /s/ Melissa L. Yemma
Attorney for Electrolux North America Inc. and Electrolux Home Products Inc.