IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY : | |
| INSURANCE COMPANY A/S/O DANIELLE : | |
| MARQUETTE : | NO. 12-6957 (TJS) |
| : | |
| v. : | |
| : | |
| ELECTROLUX NORTH AMERICA, INC. & : | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. : | |

**BRIEF IN SUPPORT OF DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S MOTION TO QUASH SUBPOENA DIRECTED TO MIKE RICKLEFS AND FOR A PROTECTIVE ORDER**

Defendant, Electrolux Home Products, Inc., improperly identified as Electrolux North America, Inc., by and through its counsel, Nicolson Law Group LLC, files the within Brief in Support of Motion to Quash Subpoena directed to Mike Ricklefs and for a Protective Order.

**I.   PROCEDURAL HISTORY**

This action was instituted by the Plaintiff on or about December 12, 2012 in U.S. District Court for the Eastern District of Pennsylvania. On or about March 21, 2013, Defendant filed an Answer to the Complaint.

**II.   STATEMENT OF FACTS**

The instant subrogation action arises from a fire, which allegedly occurred on January 4, 2011 at the home of Danielle Marquette. Plaintiff alleges that a clothes dryer manufactured by Defendant, Electrolux Home Products, Inc., was defective and caused a fire in the home of its insured, Danielle Marquette. Electrolux vigorously contests and denies Plaintiff's claims of defect and theories of liability.

On or about July 16, 2013, Plaintiff served a Subpoena commanding Mike Ricklefs to appear for testimony at the Hamilton County Courthouse, 2300 Superior Street, Equity Room,

2nd Floor, Webster City, Iowa  50595.  *See* Subpoena directed Mike Ricklefs, attached hereto as Exhibit "A" and incorporated herein by reference.  Prior to the issuance of the Subpoena, on July 11, 2013, defense counsel advised that she was unavailable on July 30, 2013.  Thereafter, Plaintiff issued the Subpoena.

### III.     STATEMENT OF QUESTIONS INVOLVED

Whether the Subpoena should be quashed and a protective Order entered requiring the Plaintiff to reissue the Subpoena for a date mutually convenient to the parties?

Suggested Answer:    Yes.

### IV.     LEGAL ARGUMENT

For the foregoing reasons, Defendant Electrolux moves to quash the subpoena directed to Mike Ricklefs and for a Protective Order requiring the Plaintiff to reissue the Subpoena for a date mutually convenient to the parties.

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>     (A) forbidding the disclosure or discovery;
>
>     (B) specifying terms, including time and place, for the disclosure or discovery;

F.R.C.P. 26 (c)(1)(A) and (B) (2013)

Through the instant Motion, Electrolux seeks to adjourn the deposition of Mr. Ricklefs on July 30, 2013, as defense counsel is not available to appear for the deposition.  Electrolux requests that the Court require that the deposition be rescheduled for a date mutually convenient for the parties and the witness.

F.R.C.P. 26 (c)(1) permits a Court to enter and Order that may prevent the disclosure of discovery or control the manner in which the discovery is disclosed. In this instance, it is patently unfair for the deposition of Mr. Ricklefs to proceed on a date and time when defense counsel is not available. Thus, the Defendant respectfully requests that this Honorable Court quash the Subpoena directed to Mr. Ricklefs and direct the Plaintiff to reissue a Subpoena for a date mutually convenient for the parties and the witness.

In accord with the requirements of Local Rule 26.1(f), counsel have conferred concerning the instant discovery dispute and have been unable to resolve the dispute.

## V. CONCLUSION

Based upon the foregoing, Electrolux respectfully requests that this Honorable Court quash the Subpoena directed to Mr. Ricklefs and enter a Protective Order requiring the Plaintiff to reissue a Subpoena for a date mutually convenient for the parties and the witness.

                              NICOLSON LAW GROUP LLC

BY:     /s/ Melissa L. Yemma
        CHERYL M. NICOLSON, ESQUIRE
        MELISSA L. YEMMA, ESQUIRE
        Attorney I.D. No. 57422/92194
        Rose Tree Corporate Center II
        1400 N. Providence Road, Suite 4045
        Media, PA  19063
        (610) 891-0300
        nicolson@nicolsonlawgroup.com
        yemma@nicolsonlawgroup.com

        Attorneys for Defendant,
        Electrolux Home Products, Inc.

DATE: July 24, 2013

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| STATE FARM FIRE & CASUALTY : | |
| INSURANCE COMPANY A/S/O DANIELLE : | |
| MARQUETTE : | NO. 12-6957 |
| : | |
| v. : | |
| : | |
| ELECTROLUX NORTH AMERICA, INC. & : | |
| ELECTROLUX HOME PRODUCTS, INC. : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Brief in Support of Motion to Quash Subpoena to Mike Ricklefs and for a Protective Order was served electronically on the date stated below, upon the following:

Matthew F. Noone, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103


NICOLSON LAW GROUP LLC


BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQUIRE
MELISSA L. YEMMA, ESQUIRE
Attorney I.D. No. 57422/92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 4045
Media, PA  19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

Attorneys for Defendant,
Electrolux Home Products, Inc.

DATE: July 24, 2013