IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY, a/s/o DANIELLE MARQUETTE<br><br>Plaintiff,<br><br>vs.<br><br>ELECTROLUX NORTH AMERICA, INC. and ELECTROLUX HOME PRODUCTS, INC.<br><br>Defendants. | Case No. 2:12-cv-06957 (TJS) |

### PLAINTIFF'S RESPONSE TO DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MOTION TO QUASH SUBPOENA DIRECTED TO MIKE RICKLEFS

Plaintiff, State Farm Fire & Casualty Insurance Company, a/s/o Danielle Marquette, by its counsel hereby responds to defendant Electrolux Home Products, Inc.'s Motion to Quash Subpoena Directed to Mike Ricklefs and in support thereof states as follows:

The discovery deadline in this case is August 9, 2013. The expert reports must be produced at this time. Pursuant to this Court's previous order, the defendant was required to produce the transcript of a deposition that Mike Ricklefs gave in another case where Electrolux was a defendant in a dryer fire case. Mr. Ricklefs is a former dryer design engineer for Electrolux. Plaintiff's counsel read the deposition transcript and decided that it contained important information relative to the issues in this case. Plaintiff's counsel decided that it needed to depose Mr. Ricklefs in this case.

On July 11, 2013, plaintiff's counsel sent defense counsel an email indicating that he intended to take the deposition of Mike Ricklefs on July 30th. Defense counsel responded by indicating that she was not available that day. Plaintiff's counsel responded right back stating:

"Can the attorney who is covering Thurs. deps cover Rickleffs? If not, send me some dates where your [sic] available. If they fit with both Mr. Rickleff's schedule and my schedule, then certainly I will try to accommodate your needs, being mindful of the discovery cut off deadline" See Exhibit 1.

Defense counsel never responded to this email. The undersigned assumed that defense counsel's silence meant that Electrolux had secured another attorney to represent Electrolux at the July 30th deposition and thus proceeded to serve Mr. Ricklefs with a subpoena for July 30th in Webster City, Iowa, where Electrolux's dryer design operations are located.

Defense counsel still has not provided plaintiff's counsel with dates in the first week of August when both Mr. Ricklefs and defense counsel are available, notwithstanding plaintiff's email of July 11th requesting same. More importantly, there is no way that plaintiff's counsel can depose Mr. Ricklefs, get the transcript and have its experts read the deposition transcripts, and incorporate any pertinent information into their reports by the August 9th expert disclosure deadline.

Plaintiff's counsel indicated to defense counsel in the pre-motion conference that he would be willing to change the deposition date if we were granted an extension in the deadlines in this case. However, without the extension, plaintiff's counsel has no choice but to insist on the deposition going forward on July 30th.

In view of defense counsel's disregard of plaintiff's counsel's request on July 11th for alternative dates and its failure to still provide any alternative dates, and the sheer impossibility that plaintiff's experts will be able to incorporate any testimony by Mr. Ricklefs into their reports if the deposition takes place during the first week of August, the plaintiff respectfully requests that this Court deny the defendant's motion to quash.

However, in the event that the Court is willing to quash the subpoena, the plaintiff requests that the Court:

1. set the deposition for a date certain during the first week of August;

2. extend all deadlines in the current scheduling order, including the trial date, by at least two weeks in order to enable the plaintiff's experts sufficient time to review, consider and incorporate into their reports any pertinent testimony that Mr. Ricklefs gives in his deposition; and,

3. order that Mr. Ricklefs must appear for deposition on the new date under the old subpoena and that the plaintiff is not obligated to serve another subpoena on the witness --Mr. Ricklefs has indicated in an email to plaintiff's counsel that he will require another subpoena if the deposition date is changed. See Exhibit 2.

Dated: July 24, 2013

                COZEN O'CONNOR

By: /s/ Matthew F. Noone
     Matthew F. Noone
     1900 Market Street
     Philadelphia, PA 19103
     215-665-2192
     mnoone@cozen.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2013, plaintiff's response to defendant Electrolux Home Products, Inc.'s Motion to Quash Subpoena Directed to Mike Ricklefs was filed using the court's ECF system. Notice of this filing will be emailed to counsel for defendant, who can access it using the ECF system.

> Melissa L. Yemma, Esquire
> Nicolson Law Group
> Rose Tree Corporate Center II
> 1400 N. Providence Road, Suite 4045
> Media, PA 19063

> /s/Matthew F. Noone
> Matthew F. Noone

LEGAL\16973823\1